Kenin's Trust Estate (No. 2).

Argued November 28, 1941. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Charles J. Biddle,* with him *Leslie M. Swope* and *Drinker, Biddle & Reath,* for appellant.

*R. M. Remick,* with him *Aaron W. White, Maurice J. Klein, Loewenstein & Winokur* and *Saul, Ewing, Remick & Harrison,* for appellee.

OPINION BY MR. JUSTICE MAXEY, January 5, 1942:

This appeal should be considered in connection with the appeal of The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee under deed of Nucom Kenin, in which appeal we have this day handed down our decision. The question involved in *this* appeal is as follows: In a case arising upon the audit of the account of the Trustee under an Insurance Deed of Trust, where counsel for a creditor succeeded in having the trust set aside and the fund, awarded to the executors of an insolvent estate for distribution to creditors generally, such litigation having been vigorously contested over a period of several years, should a counsel fee be allowed out of the fund to attorneys for the prosecuting creditor as compensation for creating the fund for the benefit of all creditors, *in the present proceeding?*

In answering this question in the negative the court below, in an opinion by Judge Stearne, said: "As to the claim of counsel for exceptant creditor for compensation for creating an additional fund for the estate of decedent, we agree with the Auditor that such a claim is a matter to be presented at the audit of the executors' account, and is not presently before us. This claim is rejected, without prejudice, as above indicated." We agree with this.

The decree is affirmed at appellant's cost.